### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| SHERMAN TERRELL TIPPIT | CIVIL ACTION NO. 26-0039 |
| | SECTION P |
| VS. | |
| | JUDGE JERRY EDWARDS, JR. |
| C. WENDELL MANNING, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Plaintiff Sherman Terrell Tippit, a prisoner at Ouachita Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 5, 2026, under 42 U.S.C. § 1983.  He names the following Defendants: Judge C. Wendell Manning, District Attorney Holly Chambers, and Attorney James Ross.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff states that he has been incarcerated for 25 months.  [doc. # 1, p. 3].  He claims that Judge C. Wendell Manning, a state court judge: (1) knows he is innocent of his criminal charges; (2) denied all his motions; and (3) has failed to sentence him within a two-year "time limitation[.]"  *Id.*  He claims further that District Attorney Holly Chambers and Judge Manning are "in cahoots with each other."  *Id.*

Plaintiff claims that his appointed counsel, James Ross, has only visited him once in 25 months.  [doc. # 1, p. 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

For relief, Plaintiff seeks release from custody and monetary compensation. [doc. # 1, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

 "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Judicial Immunity

Plaintiff claims that Judge C. Wendell Manning: (1) knows he is innocent of his criminal charges; (2) denied all his motions; and (3) has failed to sentence him within a two-year "time limitation[.]"

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself;

4

that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

"Immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts." *Stokes v. Ward*, 132 F.3d 1455 (5th Cir. 1997); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Here, evaluating the evidence and adjudicating a defendant's guilt or innocence,[3] ruling

---

[3] *See Morrison*, 704 F. App'x at 375 (reasoning that the plaintiff pointed to no law stating that determining guilt or innocence was a determination done without jurisdiction); *Phillips v. Cowie*, 2023 WL 2524457, at *1 (5th Cir. Mar. 15, 2023), cert. denied, 143 S. Ct. 2671 (2023) (finding that a judge was absolutely immune where the plaintiff alleged that the judge "wrongfully entered his conviction" because the alleged action was "plainly taken in the" judge's judicial capacity).

on objections and motions,[4] sentencing defendants,[5] managing or presiding over court

proceedings,[6] and making other rulings[7] are all acts normally performed by a judge.[8] Moreover,

Plaintiff does not allege that Judge Manning acted outside of his courtroom or chambers.

Likewise, Plaintiff's claims clearly "center around" proceedings before the judge, and nothing

---

[4] *See Clark v. Lindsay*, 68 F.3d 465 (5th Cir. 1995) (finding a judge immune from a claim that the judge denied the plaintiff's motion for appointment of counsel); *Bailey v. Johnston*, 2012 WL 5207589, at *5 (W.D. La. Oct. 1, 2012), report and recommendation adopted, 2012 WL 5199409 (W.D. La. Oct. 22, 2012) (finding that denying a motion was "clearly" an act that arose out of judges' normal judicial functions); *Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

[5] *See Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) ("[I]mposing the suspended sentence and then revoking the suspension were within his judicial functions and within the scope of his jurisdiction."); *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing with approval an out-of-circuit case recognizing that judges are "immune for actions of arraigning, convicting and sentencing[.]"); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir. 1989); *Sleeman v. Brazoria Cty.*, 78 F.3d 582 (5th Cir. 1996).

[6] *See Bradley v. Salvant*, 2020 WL 1896550, at *1 (5th Cir. Apr. 16, 2020); *Broadway v. Sinex*, 166 F.3d 339 (5th Cir. 1998).

[7] *See Broadway*, 166 F.3d at 339 ("Broadway's suit against the state-court judges involves the judges' rulings while presiding over the case which was properly before them, for which the judges are absolutely immune from civil suit."); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) ("The federal judges were performing a judicial function by ruling in McAfee's case . . . ."); *Ledet v. 15th Jud. Dist. Ct.*, 15 F.3d 181 (5th Cir. 1994) (finding judges immune where the plaintiff claimed that they "failed to provide him with a 'proper level of judicial review' of a civil action" he filed); *Payne v. Anthony Scott L. Firm, P.L.L.C.*, 2024 WL 95369, at *1 (5th Cir. Jan. 9, 2024), *cert. denied sub nom. Payne v. The Anthony Scott L. Firm, P.L.L.C.*, 145 S. Ct. 385 (2024).

[8] *See also Goodman v. Haney*, 2011 WL 1750715, at *4 (W.D. La. Feb. 2, 2011), report and recommendation adopted, 2011 WL 1768754 (W.D. La. May 9, 2011) (finding a judge immune where the plaintiff alleged that the judge violated his right to a speedy trial).

indicates that the alleged acts arose outside of a visit to the judge in his official capacity.[9]  Nor

does Plaintiff allege that the judge acted in the absence of all jurisdiction.  *See* LA. CONST. ART.

V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judge Manning is entitled to absolute judicial immunity.  The Court should

therefore dismiss Plaintiff's claims against Judge Manning.

### 3. Prosecutorial Immunity

Plaintiff claims that District Attorney Holly Chambers and Judge Manning are "in

cahoots with each other."  He suggests, in other words, that Judge Manning and District Attorney

Chambers conspired to deprive him of his constitutional rights.

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted

under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case."  *Watson v.*

*Walton*, 68 F.3d 465 (5th Cir. 1995).  "[S]tate prosecutors are absolutely immune from § 1983

damages claims based on activities intimately associated with the judicial phase of the criminal

process."  *Singleton v. Cannizzaro*, 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020).

The Court "distinguishes between (1) actions taken 'in preparing for the initiation of

judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an

advocate for the State,' and (2) 'administrative duties and those investigatory functions that do

not relate to an advocate's preparation for the initiation of a prosecution or for judicial

proceedings.'"  *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  "[C]onduct

---

[9] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to
offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of
Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that
Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all
jurisdiction,' as required to overcome judicial immunity.").

protected by absolute immunity is not limited only to the act of initiati[ng judicial proceedings] itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of [the prosecutor's] role as an advocate of the State." *Id.* (internal quotation marks and quoted sources omitted).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Chambers is immune from Plaintiff's conspiracy claim. This conclusory allegation does not pierce her immunity. *Brown v. Dove*, 519 F. App'x 237, 238 (5th Cir. 2013) ("Brown's conclusory allegations of conspiracy and malicious prosecution do not pierce that immunity."); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.") (cited as support in *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

To the extent Plaintiff claims that Chambers prosecuted him despite knowing he is innocent, the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Jones v. Texas*, 267 F. App'x 392,

393 (5th Cir. 2008) (prosecutors do not forfeit immunity simply because the plaintiff alleges that they acted maliciously, intentionally, or in retaliation).[10]

To the extent Plaintiff claims that Chambers participated in violating his right to a speedy trial, Chambers is entitled to absolute prosecutorial immunity.  *See Hunter v. James*, 717 F. App'x 500, 501 (5th Cir. 2018) ("Watkins is absolutely immune from § 1983 immunity with respect to Hunter's speedy trial claim."); *Green v. New Orleans Police Dep't*, 2013 WL 5739076, at *4 (E.D. La. Oct. 22, 2013) (finding, where the plaintiff alleged that a district attorney failed, under La. Code Crim. Proc. Ann. art. 701, to prosecute him in a timely manner, that the district attorney was immune).

Under Plaintiff's allegations, Chambers acted only in the course of her role as an advocate for the State.  Accordingly, the Court should dismiss these claims as legally frivolous and because Plaintiff seeks monetary relief from a defendant immune from such relief.

**4. Habeas Corpus Relief**

Plaintiff seeks release from custody.  This relief is unavailable through a civil rights action.  *See Calderon v.  Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "A habeas petition . . . is the proper vehicle to seek release from custody."

---

[10] *See also Esparza v. Munoz*, 3 F.3d 438 (5th Cir. 1993) (finding a prosecutor immune from a claim of prosecuting the plaintiff without sufficient evidence); *Nickerson v. Texas*, 209 F.3d 718 (5th Cir. 2000) (finding prosecutors immune from claims that they filed charges against the plaintiffs while possessing exculpatory evidence); *Green v. Texas Gov't*, 704 F. App'x 386 (5th Cir. 2017) (finding prosecutors immune from claims that they withheld exculpatory evidence and charged the plaintiff without probable cause); *Lawson v. Speetjens*, 42 F.3d 642 (5th Cir. 1994) (recognizing that immunity applies even if a plaintiff alleges that the prosecutor is knowingly using perjured testimony).

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court should therefore dismiss Plaintiff's habeas corpus request from this civil rights action.

Plaintiff may, *after he exhausts his state court remedies*, pursue his request for release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser*, 411 U.S. at 477 (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[11] Plaintiff is further cautioned that the Court may abstain under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225 (5th Cir. 1987), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[12] *See Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

**5. Attorney James Ross**

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law

---

[11] *See also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[12] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Plaintiff's appointed counsel did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function).[13]  The Court should therefore dismiss Plaintiff's claims against Defendant Ross.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Sherman Terrell Tippit's claims be **DISMISSED WITH PREJUDICE** as legally frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief from defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

---

[13] *See also O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client.  He represents the client, not the state.  The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship.  That relationship is our concern here.  Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of January, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge